

SO ORDERED.

SIGNED this 25th day of March, 2016.

*Catharine R Aron*
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

SCARBOROUGH & HARGETT FUNERAL
HOME, INC.                                           Case No.   16-80220
              Debtor                              Chapter    11

### ORDER APPROVING
### AUTHORITY TO PAY EMPLOYEES

This case came before the Court for hearing on March 22, 2016, upon motion by the Debtor Scarborough & Hargett, Inc. ("Debtor") for authority to pay employees in the ordinary course of business. Proposed counsel for the Debtor, Florence A. Bowens, appeared. The Court, after hearing arguments from counsel for the Debtor and William Miller, the United States Bankruptcy Administrator, finds that good and sufficient cause exists to grant the motion. The Court makes the following finding of facts and conclusions of law:

1. The Debtor filed a voluntary petition seeking relief under Title 11, Chapter 11 of the Bankruptcy Code on March 11, 2016 (the "Petition Date"). The Debtor continues in possession of its assets and operates its business as debtors-in-possession.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334, and 11 U.S.C. §1107 and 1108. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper pursuant to 28 U.S.C. §1408 and 1409.

3. The Debtor is a 4th generation funeral home service located at 932 Old Fayetteville Street, Suite B, Durham, North Carolina.

4. As of the Petition Date the Debtor has approximately four (4) employees (the "Employees").

5. The Debtor shall maintain a monthly payroll for all its current employees as follows:

J.C. Scarborough, III, the President, in the amount of $2,800.00 every two weeks; Queen Scarborough, the Vice-President, in the amount of $2,800.00 every two weeks; Tonya Bass, the bookkeeper, in the amount of $500.00 every two weeks; and Andrew Nicolson, the funeral attendee, in the amount of $600.00 every two weeks.

6. In order to ensure the integrity of the ongoing business operations, it is essential that the Debtor be authorized to pay its payroll obligation to its employees as such obligations come due in the ordinary course of its business. The scheduled payroll is March 25, 2015. Should the Debtor fail to make its regularly scheduled monthly payroll, in amounts properly due, the Debtor would lose the employees which would adversely affect the Debtor's business operations and prospects for successful reorganization.

7.      In light of the damaging effect of the failure of the Debtor to honor its payroll obligations to employees in full, the Debtor is granted authorization to fund in full its payroll obligations due and payable in amounts that need to be paid in the ordinary course of business.

**NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED, AND DECREED** that the Debtor is authorized to make its scheduled payroll payments of March 25, 2016 and continue to fund in full its payroll obligations due and payable in amounts that need to be paid in the ordinary course of business subject to any further orders from this Court.

END OF DOCUMENT